IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:97-CR-00043-RE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CHRISTOPHER RAY DENNISON, | |
| Defendant. | |

REDDEN, Judge:

Defendant moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §
2255 (docket # 108). The motion is denied for the reasons set out below.

## INTRODUCTION

On March 12, 1998, defendant pled guilty to all counts of an indictment charging two

counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Counts 1 and 3) and

two counts of possession of a semi-automatic firearm during and in relation to commission of a

Opinion and Order - Page 1

crime of violence in violation of 18 U.S.C. § 924(c)(1)(Counts 2 and 4(CR 92). Defendant

entered his guilty plea pursuant to a written plea agreement (CR 93), in which the defendant

accepted mandatory consecutive life sentences under 18 U.S.C. § 3559(c)(1)(A)(I)(the "Three

Strikes" statute) and 18 U.S.C. § 924(e)(1)(the Armed Career Criminal Act).    In the plea

agreement, defendant "acknowledges the validity of this sentence and waives any objections to a

life sentence without parole or supervised release" (CR 93, Ex. A, at 2). Defendant confirmed

this provision of his plea agreement in court during the change-of-plea hearing . Ex. B, page 2.

     Defendant also agreed to plead guilty to the state charge of attempted murder of a police

officer in Placer County, California, and related counts, and he agreed to a mandatory life

sentence under California's "Three Strikes" provision (Ex. A, p. 2). In exchange for defendant's

guilty pleas, the government in multiple districts agreed not to prosecute defendant's wife, Eve

O'Toole, for various crimes she committed with defendant. In addition, the government agreed

to dismiss pending federal charges against defendant in the districts of Idaho and Arizona.

     Defendant expressly "agree[d] to waive any appeal in his case and to waive any collateral

attack on his judgment of conviction or sentence" (*id).* The agreement further provided that, "if

defendant appeals his conviction or otherwise seeks to reduce or set aside his life sentences,"the

provision regarding non-prosecution of Eve O'Toole and dismissal of defendant's other federal

charges "are completely nullified." (*Id.*)

     During the plea colloquy, the court read the specific terms outlined above, and defendant

confirmed them without hesitation or reservation. (Ex. B at 3-5). The court explicitly and

precisely informed defendant of the provision regarding waiver of appeal and collateral attack:

/ / /

Opinion and Order - Page  2

/ / /

/ / /

> You agree to waive any appeal in this case and to waive any collateral attack
> on your judgment of conviction or sentence. Specifically, you waive any
> appeal or collateral attack of the indictments against you in this case, of the
> life sentence imposed, and of any pretrial rulings in the District of Oregon
> or Place County, California. You acknowledge that your waiver of appeal
> and of collateral attack are complete and are made fully and voluntarily
> following complete discussion with counsel.

*Id.* at 5.

Defendant confirmed the recitation of the waivers. *Id.* The court noted, and the

defendant agreed, that "there are no other agreements, expressed or implied beyond those

contained in this agreement." *Id.* at 5-6. Defendant agreed that he "had a full and adequate

opportunity to disclose to your attorney all facts known to you that relate to your case." *Id.* at 7.

The court accepted defendant's guilty please and the plea agreement. Fed. R. Crim Pro.

11(e)(1)(C)), (now re-numbered as Rule11(c)(1)(C). The court entered judgment sentencing

defendant to consecutive life sentences in Counts 1 and 3 (armed bank robbery), and consecutive

sentences of 60 months in Count 2 and 240 months in Count 4, § 924(c) charges. CR 103.

Defendant did not appeal, and there was no challenge to the sentence or conviction until

November 30, 2012, when defendant filed this § 2255 motion. CR. 109. Defendant seeks

vacation of his pleas, convictions, and sentences on four grounds:

(1) Alleged violation of Fourth Amendment rights by a purported trespass and installation

of an electronic tracking device on defendant's vehicle;

(2) Alleged violation of the plea agreement by the government's purported failure to

"protect" defendant;

(3) Alleged failure by defense counsel to file a direct appeal;

(4) Alleged violation of the Eighth Amendment by housing defendant in "solitary confinement."

## DISCUSSION

### I. Defendant's Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999). It imposes a one year period of limitations on § 2255 motions, running from the "latest of" four specified events:

(1) The date on which the judgment becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

Defendant's judgment became final on June 23, 1998. There was no appeal. The one year period of limitation began on that date and ended on June 23, 1999. The government correctly points out that defendant's habeas corpus rights to challenge his conviction and sentences expired on June 23, 1999.

Opinion and Order - Page  4

Defendant does not argue that he was prevented from filing his § 2255 motion by a government action, nor does he assert the discovery of exculpatory facts, so that events (2) and (4) do not apply.

Defendant contends that law enforcement agents placed an electronic tracking device on his vehicle in Bend, Oregon, monitored his actions, and gathered evidence relating to his Portland bank robbery. Defendant's Motion, p. 15, ¶¶ 6-7. He contends that the Supreme Court recently determined that the installation of an electronic tracking device is a search under the Fourth Amendment, citing *United States v. Jones,* ___ U.S. ___, 132 S.Ct. 945 (2012), and that the *Jones* case should be applied retroactively to defendant's case for the purpose of determining the statute of limitations on defendant's § 2255 motion.

The government persuasively argues that the *Jones* decision is not retroactive in this case. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane,* 489 U.S. 288, 310 (1989). Neither exception to the *Teague* rule applies in this situation because *Jones* did not involve the criminalization of private conduct, and electronic monitoring is not "central to an accurate determination of innocence or guilt." *Id.* at 313.

Moreover, there is no evidence that the government installed a tracking device on defendant's vehicle. Retired FBI Special Agent D. Robert Stewart was the case agent for the bank robberies committed in Portland on January 2 and 17, 1997. Mr. Stewart has submitted an affidavit in which he asserts that there was no tracking device placed on defendant's vehicle, and that the government agents had no access to defendant's vehicle until it was found abandoned in a Portland parking lot after the January 17 bank robbery. Mr. Stewart further asserts that he personally spoke to Special

Opinion and Order - Page 5

Agent Ron Stankye, the current FBI coordinator of bank robbery cases in Portland. Special Agent Stankye reviewed defendant's FBI file and found no reference to a tracking device on defendant's vehicle.

The government has submitted as Exhibit C Special Agent Stewart's affidavit, dated January 18, 1997, submitted for defendant's arrest warrant and a search warrant for a premises in Bend, Oregon. The affidavit does not contain any reference to electronic surveillance or monitoring.

Finally, the government notes that the defendant, prior to entry of his guilty pleas, filed several motions to suppress evidence relating to search and seizure. CR 31, 36, 48, 88, 89. Neither those motions nor the government's responses and trial memorandum contain any reference to electronic surveillance or monitoring. CR 44, 45, 57.

Defendant's motion (# 108) is time barred because the judgment became final on June 23, 1998 and defendant failed to file his motion within one year of entry of judgment.

## II. The Government Has Not Violated the Plea Agreement

Defendant argues that the government violated the plea agreement by failing to provide "protection of the movant during incarceration." Defendant's Motion, p. 6.

The government points out that there is no provision in the plea agreement relating to conditions of confinement. Exh. B. In addition, Paragraph 7 of the plea agreement provides that there "are no other agreements, express or implied, beyond those contained in this agreement." Exh. B. Defendant acknowledged at the plea hearing that there were no other agreements. Exh. B at 5-6.

The government has not violated the plea agreement by failing to provide protection for the defendant.

/ / /

**III. Defense Counsel's Failure to File an Appeal Did Not Violate the Sixth Amendment**

Defendant contends that he asked his attorney to file an appeal based on the purported search and seizure violation involving electronic monitoring. However, there is no evidence that the government engaged in electronic monitoring and the defendant waived his right to appeal regardless.

**IV. Defendant's Conditions of Confinement Are Not Reviewable by This Court**

Defendant contends that his conditions of confinement in the United States Penitentiary in Florence, Colorado, are not satisfactory. Defendant's Motion, p. 9. Defendant's Motion is pursuant to 28 U.S.C. § 2255, which deals only with the validity of defendant's conviction and sentence imposed in 1998. Any complaint about current conditions of confinement must be made pursuant to 28 U.S.C. § 2241 in the district of confinement.

Defendant contends that he was not advised that "his plea could result in the remainder of his life confined to solitary confinement." Defendant's Motion, p. 9. Defendant cites no authority for the proposition that the government was required to advise him of possible prison conditions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Opinion and Order - Page  7

## Conclusion

Defendant's motion and the records of the case show that the defendant is not entitled to relief. 28 U.S.C.§ 2255. Defendant's motion is denied. This matter is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2). Because the interests of justice in this proceeding do not warrant the appointment of counsel, Defendant's Motion for Appointment of Counsel (# 123) is denied. 18 U.S.C. 3006A(a)(2)(B).

IT IS SO ORDERED.

Dated this $2$ day of April, 2013.

James A. Redden
United States District Judge

Opinion and Order - Page 8